IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| T. CARLYLE SCALES and CAROLE K. SCALES, | : | |
| Plaintiffs, | : | Case No.: 5:10-cv-103 (CAR) |
| v. | : | |
| INDYMAC MORTGAGE SERVICES and DEUTSCHE BANK NATIONAL TRUST CO., | : | |
| Defendants. | : | |

*ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE*

On July 27, 2010, this Court issued an Order for Plaintiffs to show cause in writing within ten (10) days why this action should not be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Plaintiffs have not complied with the Order.

On March 11, 2010, Defendants removed this action from the Superior Court of Putnam County. Seven days later, Defendants filed a motion to dismiss to which Plaintiffs did not respond. Thus, on April 16, 2010, this Court ordered Plaintiffs to file a response to the motion. Plaintiffs failed to respond. After contact from this Court inquiring about the status of the case, Plaintiffs' counsel realized he had not updated his email address with the Court and thus had not received the notice that the motion to

dismiss had been filed.  Counsel then filed a motion requesting this Court's permission to file an out-of-time response to the motion which this Court granted.  Plaintiffs' counsel, however, did not file a response.  Having received no contact from Plaintiffs other than the motion requesting permission to file an out-of-time response to the motion to dismiss, this Court ordered Plaintiffs to show cause why their case should not be dismissed for failure to prosecute.

Now, more than five months after the removal of their case, four months after failing to abide by the Court's Order directing a response to the motion to dismiss, one month after the expiration of Plaintiffs' deadline to file an out-of-time response to the motion, and almost a week after the expiration of the deadline to show cause why their case should not be dismissed for failure to prosecute, Plaintiffs have failed to abide by the Court's orders to respond to Defendants' motion to dismiss and diligently prosecute this action.  Plaintiffs have had ample notice and opportunity to contact this Court and have been warned that failure to do so would result in dismissal of this action.  Accordingly, this case is hereby **DISMISSED without prejudice** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.  "It is well established that the district court has the authority to dismiss or to enter default judgment, depending on which party is at fault, for failure to prosecute with reasonable diligence or to comply with its orders or rules of procedure."  Brown v. Thompson, 430 F.2d 1214, 1216 (5th

Cir. 1970).

       **SO ORDERED**, this 26th day of August, 2010.

                                           <u>S/ C. Ashley Royal</u>
                                           C. ASHLEY ROYAL, JUDGE
                                           UNITED STATES DISTRICT COURT

SSH